UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PAKRER JENSEN,<br>Plaintiff<br><br>v.<br><br>BALTIMORE COUNTY,<br>BALTIMORE COUNTY POLICE DEPARTMENT,<br>OFFICER SMITH (BADGE #6773),<br>in his official and individual capacities,<br>OFFICER KLAPKA (BADGE #6186)<br>in his official and individual capacities,<br>Defendants. | )<br>)<br>)<br>)<br>) Case No. 1:25-cv-1106<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SECOND AMENDED COMPLAINT

1. The First Amendment protects the right of citizens to gather and record newsworthy information about public officials performing their duties in public spaces, without requiring special press credentials. This right is clearly established across multiple federal circuits, including the Fourth Circuit, which has held that the First Amendment protects activities such as livestreaming police interactions. *Sharpe v. Winterville Police Dep't*, 59 F.4th 674, 681 (4th Cir. 2023). *See also Glik v. Cunniffe*, 655 F.3d 78, 82 (1st Cir. 2011); *Fields v. City of Philadelphia*, 862 F.3d 353, 359 (3d Cir. 2017); *Turner v. Lieutenant Driver,* 848 F.3d 678, 688–690 (5th Cir. 2017). In this case, Defendants violated Plaintiff Parker Jensen's First Amendment rights by demanding he obtain press credentials to record public officials in a public building and trespassing him from the property when he refused, thereby preventing him from documenting matters of public interest.

2. Plaintiff Parker Jensen, an 18-year-old senior at Towson High School and a recent enlistee in the United States Marine Corps, brings this action to vindicate his constitutional rights under the First and Fourteenth Amendments.

3. Plaintiff is pro-America, pro-military, pro-police, pro-life, and pro-secure borders—positions that place him in an extreme minority at Towson High School, where the overwhelming majority of students and faculty openly advocate left-wing perspectives and express disdain for views like his and hatred for President Donald Trump.

4. Defendants denied Plaintiff his First Amendment rights to document and challenge the school's failure to comply with what he believes to be Maryland law mandating patriotic observances, as well as its promotion of resources for illegal immigrants, which Plaintiff believes undermines the school's educational mission and student safety, by formally trespassing Plaintiff from the property where he was lawfully present, threatening arrest if he did not leave.

## JURISDICTION AND VENUE

5. This action arises under the Constitution of the United States, specifically the First and Fourteenth Amendments, and is brought pursuant to 42 U.S.C. § 1983.

6. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction).

7. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred within the District of Maryland, specifically in Baltimore County.

## PARTIES

8. Plaintiff Parker Jensen is an adult citizen of the state of Maryland and a senior at Towson High School.

9. Defendant Baltimore County is a political subdivision of the State of Maryland, responsible for the operation and oversight of the Baltimore County Police Department and other county agencies.

10. Defendant Baltimore County Police Department (BCPD) is a law enforcement agency under the authority of Baltimore County, responsible for policing actions taken against Plaintiff.

11. Defendant Officer Smith (Badge #6773) is a police officer with the BCPD, sued in his official and individual capacities for actions taken under color of state law.

12. Defendant Officer Klapka (Badge #6186) is a police officer with BCPD, sued in his official and individual capacities for actions taken under color of state law.

## FACTUAL ALLEGATIONS

13. Plaintiff Parker Jensen is an 18-year-old high school senior who enlisted in the United States Marine Corps on March 26, 2025, and has no prior history of suspension from kindergarten through 12th grade.

14. On March 28, 2025, Plaintiff visited a Baltimore County administrative building at 6901 North Charles Street, Towson, Maryland 21204, to engage with public officials.

15. Plaintiff arrived at the building at approximately 11:45 a.m., entering the publicly accessible lobby, an area open to the public during business hours.

16. Plaintiff used his cell phone to record his interactions with public officials in the lobby.

17. No signs in the lobby prohibited recording.

18. The building was itself recording Plaintiff via a camera posted on the wall while he waited in the lobby.

19. Plaintiff signed a visitor log, providing his name, school, grade, and purpose of visit, and waited peacefully in the lobby for approximately 40 minutes for a public official.

20. A public official emerged from behind a secure glass door and asked if Plaintiff was recording.

21. Plaintiff confirmed he was, asserting his constitutional right to do so.

22. The public official demanded Plaintiff stop recording and leave the building, despite his presence in a public area and lack of disruptive behavior.

23. Plaintiff declined to leave, citing his right to be in a public building.

24. Approximately five minutes later, Police Officer Smith (Badge #6773) and four other officers arrived, responding to a call from building staff.

25. Plaintiff explained to Officer Smith that he was documenting his interaction with public officials.

26. Officer Smith asked if Plaintiff had journalist credentials and suggested that Plaintiff could not film without obtaining such credentials.

27. Officer Klapka arrived soon after and expressly told Plaintiff that Plaintiff was only entitled to the protection of the First Amendment's freedom of the press if he first obtains press credentials.

28. Plaintiff informed Officer Smith and Officer Klapka and other officers that the freedom to gather newsworthy information is a First Amendment right that does not require special credentials.

29. The officers either were not aware or pretended that they were not aware of this clearly established First Amendment right.

30. "The First Amendment protects the right to gather information about what public officials do on public property, and specifically, a right to record matters of public interest." *Smith v. City of Cumming*, 212 F.3d 1332, 1333 (11th Cir. 2000) (citing *Blackston v. Alabama*, 30 F.3d 117, 120 (11th Cir.1994) (finding that plaintiffs' interest in filming public meetings is protected by the First Amendment); *Fordyce v. City of Seattle*, 55 F.3d 436, 439 (9th Cir.1995) (recognizing a "First Amendment right to film matters of public interest")). *See* also *Glik v. Cunniffe*, 655 F.3d 78, 82 (1st Cir. 2011) ("The filming of government officials engaged in their duties in a public place, including police officers performing their responsibilities ... in a form that can readily be disseminated to others serves a cardinal First Amendment interest in protecting and promoting 'the free discussion of governmental affairs.'") (citing *Mills v. Alabama*, 384 U.S. 214, 218 (1966)). Other circuits to consider restrictions on recording have extended First Amendment protection to recording matters of public interest in public spaces because of its connection with speech of public concern. See, e.g., *Glik v. Cunniffe*, 655 F.3d 78, 83 (1st Cir. 2011); *Fields v. City of Philadelphia*, 862 F.3d 353, 359 (3d Cir. 2017); *Turner v. Lieutenant Driver*, 848 F.3d 678, 688–690 (5th Cir. 2017); ACLU of *Ill. v. Alvarez*, 679 F.3d 583, 595 & n.4, 600 (7th Cir. 2012); *W. Watersheds Project v. Michael*, 869 F.3d 1189, 1195–1196 (10th Cir. 2017); *Smith v. City of Cumming*, 212 F.3d 1332, 1333 (11th Cir. 2000). The Fourth Circuit has done the same, holding the First Amendment protects "livestreaming a police traffic stop." *Sharpe v. Winterville Police Dep't*, 59 F.4th 674, 681 (4th Cir. Feb. 7, 2023). 32. The press generally has no right to information superior to that of the general public. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 609 (1978); *Lambert v. Polk County*, 723 F.Supp. 128, 133 (S.D.Iowa 1989) ("[I]t is

not just news organizations ... who have First Amendment rights to make and display videotapes of events....").

31. The officers formally trespassed Plaintiff from the property, threatening arrest if he did not leave. Plaintiff complied and left the premises.

32. Plaintiff's video of the incident, posted on YouTube with over 2,700 views, shows he remained peaceful and respectful and posed no threat to anyone.

## CAUSES OF ACTION

### Count I

### First Amendment Prior Restraint (42 U.S.C. § 1983)

33. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

34. Defendants Baltimore County and Baltimore County Police Department maintain a policy, custom, or practice requiring citizens to obtain "press credentials" prior to filming public officials performing their official duties in public spaces.

35. Officers Smith and Klapka enforced this requirement against Plaintiff on March 28, 2025, by informing him that he needed "press credentials" to record, despite his clear First Amendment right to do so without such credentials.

36. This policy constitutes an unconstitutional prior restraint on Plaintiff's First Amendment rights, as it imposes a prerequisite condition on the exercise of protected speech and recording activities.

37. As a direct result, Plaintiff was prevented from documenting public officials, chilled in his expressive activities, and suffered emotional distress.

### Count II

### First Amendment Failure to Train (42 U.S.C. § 1983)

38. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

39. To the extent that no official policy requiring "press credentials" exists, Defendants Baltimore County and Baltimore County Police Department failed to adequately train Officers Smith and Klapka regarding the First Amendment rights of citizens to record public officials in public spaces without credentials.

40. This failure to train reflects deliberate indifference to the constitutional rights of citizens, as evidenced by the officers' fabricated assertion on March 28, 2025, that Plaintiff needed "press credentials" to film, a requirement with no basis in law.

41. As a direct result, Plaintiff's First Amendment rights were violated, and he suffered emotional distress and reputational harm.

## Count III

**First Amendment Violation by Officers Smith and Klapka (42 U.S.C. § 1983)**

42. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

43. To the extent that no official policy requiring "press credentials" exists, Defendants Officer Smith and Officer Klapka, acting in their individual capacities under color of state law, fabricated this requirement from whole cloth on March 28, 2025, to prevent Plaintiff from filming public officials performing their duties.

44. This action violated Plaintiff's clearly established First Amendment right to record matters of public interest in a public space, as recognized by multiple federal circuits, including the *Fourth Circuit in Sharpe v. Winterville Police Dep't*, 59 F.4th 674 (4th Cir. 2023).

45. Officers Smith and Klapka acted with reckless disregard for Plaintiff's constitutional rights, and their conduct was not objectively reasonable.

46. As a direct result, Plaintiff was prevented from exercising his First Amendment rights and suffered emotional distress.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants violated Plaintiff's First and Fourteenth Amendment rights.

B. Permanently enjoin Defendants from retaliating against Plaintiff for exercising his constitutional rights and from denying him due process.

C. Award compensatory damages for loss of education, emotional distress, and reputational harm in an amount to be determined at trial.

D. Award reasonable attorney's fees and costs under 42 U.S.C. § 1988.

E. Grant such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: June 27, 2025

Respectfully submitted,

*/s/ Sarah Spitalnick*
Sarah Spitalnick
MD Bar ID: 31286
LAW OFFICE OF SARAH SPITALNICK
23 Walker Ave., Suite 207
Baltimore, MD 21208
(484) 332-0454
sarahspitalnickesq@gmail.com

## CERTIFICATE OF SERVICE

I certify that on June 27, 2025, a copy of the foregoing Amended Complaint was served via electronic filing on Defendants.

*/s/ Sarah Spitalnick*
Sarah Spitalnick
